***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner and assignments of error before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the decision. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner with minor modifications.
 ***********
Based upon all the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
1. Plaintiff was an inmate of the defendant, North Carolina Department of Correction (hereinafter "NCDOC").
2. In this State Tort Claims action, plaintiff alleges that employees or agents of NCDOC committed acts of medical negligence in providing treatment. Plaintiff alleges that when he arrived at Polk Institute he was in need of a hernia repair. He requested medical treatment but did not receive a response. Plaintiff was eventually diagnosed with a hernia but received only medication as treatment. Plaintiff was later examined by a physician's assistant who found nothing wrong. Plaintiff alleges that the treatment he received was negligent and resulted in the exacerbation of his pain.
3. NCDOC filed a Motion To Dismiss for plaintiff's failure to have affidavits from a medical expert has required by Rule 9(j) of the North Carolina Rules of Civil Procedure.
4. An Interlocutory Decision and Order was entered by Deputy Commissioner Donovan on 29 September 2006, providing plaintiff one hundred and twenty days within which to submit to the Deputy Commissioner an affidavit, satisfactory to N.C. Rules of Civil Procedure 9(j), signed by a physician that said physician is prepared to testify that plaintiff's medical treatment in the alleged circumstances fell below the applicable standard of care. The Interlocutory Decision and Order provided that if plaintiff did not provide the required Rule 9(j) affidavit, this civil action would be dismissed.
5. More than one hundred twenty days has passed and plaintiff has not provided an affidavit.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following: *Page 3 
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12
shall be dismissed unless:
 (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.
3. Plaintiff has not provided an affidavit in compliance with Rule 9(j) within the time permitted by the Interlocutory Opinion and Award referenced above and none of the exceptions to Rule 9(j) apply in this case, therefore, the civil action on grounds of medical malpractice must be dismissed. N.C. Gen. Stat. § 1A-1, Rule 9(j) N.C. Gen. Stat. §143-291(a). *Page 4 
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's above captioned tort claim on grounds of medical malpractice is DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 20th day of May, 2008.
S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BUCK LATTIMORE COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1